## FRY v STATE

Ohio Appeals, 3rd Dist, Van Wert Co

No 143.   Decided June 1, 1936

B. A. Myers, Celina, for plaintiff in error.
J. F. Beam, Van Wert, for defendant in error.

## OPINION

By GUERNSEY, J.

This is a proceeding in error under the former appellate practice, from a judgment of the Court of Common Pleas of Van Wert County affirming a judgment of the Mayor of the City of Van Wert.

The plaintiff in error Thomas Fry was defendant and defendant in error State of

Ohio was plaintiff in the Mayor's Court and the parties will hereafter be referred to in the relation they appeared in that court.

Plaintiff in error Thomas Fry, who was defendant in the Mayor's Court, was arrested on the 9th day of April, 1935, upon a sworn complaint which, omitting the formal parts and signatures, is in the words and figures, following, to-wit:

"Before me, J. H. Morrison, Mayor of the City of Van Wert, Ohio, in said county, personally came W. E. Jackson who being duly sworn according to law, deposes and says that on or about the 9th day of April A. D. 1935, at the County of Van Wert, City of Van Wert, one Thomas Fry did unlawfully encumber a public street of a Municipal Corporation, to-wit: North Washington Street in the City of Van Wert, Ohio, by placing therein automobiles for advertising and sale, contrary to the provisions of the General Code in such cases made and provided, and against the peace and dignity of the State of Ohio."

The complaint is based on the provisions of §13421 GC, which reads as follows:

"Whoever obstructs or encumbers by fences, buildings, structures or otherwise a public ground, highway, street or alley in a municipal corporation shall be fined not more than five hundred dollars."

Upon being arraigned before the Mayor on said complaint, the defendant plead not guilty and the cause was then submitted to the Mayor on the following agreed statement of facts:

"It is agreed that the defendant is engaged in the business of handling and selling new and used cars, at 116 North Washington Street, in the City of Van Wert, Ohio; that in connection with said business he has from two to four salesmen, in connection with said business, for the purpose of demonstrating and selling automobiles; that in connection with said business, the selling of new and used automobiles, he has, from time to time, parked at the places marked in front of his place of business, cars equipped with his license tags, which are used for demonstration purposes and sale, and while so being used in connection with said business, would be exhibited, it is agreed that this parking is regularly and continuously done from day to day, from morning until evening, by the defendant, for the purpose of exhibiting and displaying and demonstrating said cars. That on some of said automobiles was marked, with chalk, 'Fry's Auto Sales' and on others, 'Fry's Used Cars'. It is further agreed that it is the customary and general practice in the City of Van Wert for auto dealers, engaged in the business of selling new and used cars, to park the same at their place of business, on the streets, at the curb, in numbers ranging from two to three, and as high as ten, during the day and also at night. It is agreed that said cars are used for demonstrating purposes, as the occasion might arise during the day."

Following the submission of this agreed statement of facts, the defendant moved the Mayor's Court to discharge him on the ground that the facts stated are not sufficient to show a violation of the law of the State of Ohio, and especially the offense as charged against the defendant in this case.

This motion was overruled by the court, to which ruling the defendant excepted, and the court thereupon found the defendant guilty as charged in the complaint, to which finding the defendant also excepted. Judgment was then entered against the defendant on said finding, and motion for new trial being overruled, the defendant prosecuted error to the Court of Common Pleas of Van Wert County, Ohio, which, in said error proceeding, affirmed said judgment, and the defendant then prosecuted error to this court from the judgment of the Common Pleas Court affirming said judgment of the Mayor's Court.

One of the grounds of the motion for new trial filed in the Mayor's Court, is that the finding and decision of the Mayor's Court is contrary to law, and an assignment of error based on this ground is made in the petition in error in the Common Pleas Court and in the petition in error in this court, and specified in the briefs. There is also an assignment of error in the petition in error and specified in the briefs in this court, that the judgment of the Common Pleas Court affirming the judgment of the Mayor's Court is contrary to law, which is based on the same ground.

In the view we take of this case it will be necessary to consider only the assignments of error mentioned, as a consideration of these assignments disposes of the whole case.

In accordance with what is commonly known as the rule of ejusdem generis, where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be construed as re-

stricted by the particular designation and as including only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose. 37 Ohio Jurisprudence, 779; 25 R.C.L. 996.

Lewis' Sutherland Statutory Construction, Second Edition, Volume 2, page 814.

Considering the provisions of §13421 GC, upon which the charge against the defendant is based, in the light of the foregoing rule of construction, it will be noted that the general words "or otherwise" follow a designation of particular objects of obstruction or encumbrance, to-wit, "fences, buildings, structures," and that each of these particular objects is of a class of obstructions or encumbrances permanent in their nature and affixed to real estate, while the automobiles with which the defendant is charged with encumbering a street in a municipal corporation, are of a class of obstructions or encumbrances not permanent in their nature and not affixed to real estate; and as the automobiles are not obstructions or encumbrances of the same kind, class or nature as those specifically enumerated, they do not come within the purview of the statute, and the encumbrance of a street by such automobiles does not constitute an offense under said section.

Therefore the complaint in the instant case does not charge and the evidence does not tend to prove, an offense, and the judgment of the Mayor's Court and the judgment of the Common Pleas Court affirming the judgment of the Mayor's Court are contrary to law.

For the reasons mentioned, the judgments of the Mayor's Court and the Common Pleas Court will be reversed, and this court entering the judgment the trial court should have entered, will enter final judgment in favor of plaintiff in error at costs of defendant in error.

KLINGER, PJ, and CROW, J, concur.